UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RIFFNER, | Case No. EDCV 14-327 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.    SUMMARY

On February 21, 2014, plaintiff Terry Riffner ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; March 3, 2014 Case Management Order ¶ 5.

///

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 15, 2010, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 23, 127).  Plaintiff asserted that she became disabled on August 30, 1992, due to spinal cord compression, neck fusion, chronic pain, bulging discs in her spine, neck depression, weakness, and headaches.  (AR 141).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on February 9, 2012.  (AR 34-61).

On April 20, 2012, the ALJ determined that plaintiff was not disabled through the date last insured (*i.e.*, December 31, 1997).  (AR 23-29).  Specifically, the ALJ found that through the date last insured:  (1) plaintiff suffered from the following severe impairments:  degenerative disc disease of the neck, and lumbar spine degenerative disc disease (AR 25); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 25-26); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. § 404.1567(a)) with additional limitations[1] (AR 26); (4) plaintiff had no past relevant work (AR 28); (5) there are jobs that exist in significant

---

[1]The ALJ determined that plaintiff:  (i) was limited to standing and walking for two hours out of an eight hour day for 15 to 30 minutes at a time, with no sitting restrictions; (ii) could lift and carry 10 pounds frequently and 20 pounds occasionally; (iii) could occasionally stoop and bend; (iv) could climb stairs, but could not climb ladders, work at heights, or balance; (v) could not work above shoulder level on either side and could only reach fully forward occasionally; (vi) could perform occasional neck motion but needed to avoid extremes of motion; (vii) needed to hold her head in a comfortable position at other times; and (viii) could occasionally maintain a fixed head position for 15 to 30 minutes at a time.  (AR 26).

1   numbers in the national economy that plaintiff could perform, specifically cashier

2   II, order clerk (food and beverage), and optical assembler (AR 28-29); and

3   (6) plaintiff's allegations regarding her limitations were not credible to the extent

4   they were inconsistent with the ALJ's residual functional capacity assessment

5   (AR 27).

6         The Appeals Council denied plaintiff's application for review.  (AR 1).

7   **III.   APPLICABLE LEGAL STANDARDS**

8         **A.   Sequential Evaluation Process**

9         To qualify for disability benefits, a claimant must show that the claimant is

10  unable "to engage in any substantial gainful activity by reason of any medically

11  determinable physical or mental impairment which can be expected to result in

12  death or which has lasted or can be expected to last for a continuous period of not

13  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

14  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

15  impairment must render the claimant incapable of performing the work the

16  claimant previously performed and incapable of performing any other substantial

17  gainful employment that exists in the national economy.  Tackett v. Apfel, 180

18  F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

19        In assessing whether a claimant is disabled, an ALJ is to follow a five-step

20  sequential evaluation process:

21        (1)   Is the claimant presently engaged in substantial gainful activity?  If

22              so, the claimant is not disabled.  If not, proceed to step two.

23        (2)   Is the claimant's alleged impairment sufficiently severe to limit

24              the claimant's ability to work?  If not, the claimant is not

25              disabled.  If so, proceed to step three.

26        (3)   Does the claimant's impairment, or combination of

27              impairments, meet or equal an impairment listed in 20 C.F.R.

28  ///

3

1    Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If

2    not, proceed to step four.

3    (4)    Does the claimant possess the residual functional capacity to

4    perform the claimant's past relevant work?  If so, the claimant

5    is not disabled.  If not, proceed to step five.

6    (5)    Does the claimant's residual functional capacity, when

7    considered with the claimant's age, education, and work

8    experience, allow the claimant to adjust to other work that

9    exists in significant numbers in the national economy?  If so,

10    the claimant is not disabled.  If not, the claimant is disabled.

11    Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

12    Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

13    1110 (same).

14    The claimant has the burden of proof at steps one through four, and the

15    Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

16    F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

17    v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

18    proving disability).

19    ## B.    Standard of Review

20    Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

21    benefits only if it is not supported by substantial evidence or if it is based on legal

22    error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

23    2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

24    (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

25    mind might accept as adequate to support a conclusion."  Richardson v. Perales,

26    402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

27    mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

28    Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

4

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

## IV.   DISCUSSION

Plaintiff essentially asserts that the ALJ's step five determination is not supported by substantial evidence because the requirements of the representative jobs identified by the vocational expert exceed plaintiff's abilities.  (Plaintiff's Motion at 5-8).  As the Court finds that the ALJ erred at step five, and that the ALJ's error was not harmless, a remand is warranted.

### A.   Pertinent Law

As noted above, at step five, the Commissioner must show that a claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  <u>Tackett</u>, 180 F.3d at 1100 (citation omitted); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, with testimony from a vocational expert ("vocational expert" or "VE") or with reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing <u>Tackett</u>, 180 F.3d at 1100-01).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately

describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted).  The DOT is the presumptive authority on job classifications.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job, however, without first inquiring whether the vocational expert's testimony conflicts with the DOT, and if so, the reasons therefor.  Massachi v. Astrue,  486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p).  In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435).  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony.  Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

### B.   Analysis

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the representative jobs of cashier II, order clerk (food and beverage), and optical assembler (collectively "representative jobs") based on the opinions of the

6

1  vocational expert which, without explanation, deviated from the DOT. (Plaintiff's

2  Motion at 5-8). The Court agrees.

3      First, there appears to be a conflict between the requirements of the

4  representative jobs and the ALJ's assessment of plaintiff's residual functional

5  capacity. For example, the ALJ considered the opinions of Ms. Sandra M.

6  Fioretti, an impartial vocational expert who, at the request of the ALJ, reviewed

7  the record evidence relating to plaintiff's vocational background and answered

8  interrogatories regarding the availability of work in the national economy. (AR

9  29, 176-79). In a hypothetical question posed in such interrogatories, the ALJ

10 included limitations which stated "[c]annot work above shoulder level on either

11 side and can only reach fully forward occasionally." (AR 177). The vocational

12 expert answered that, in spite of such limitations, plaintiff (or a hypothetical

13 person with all of plaintiff's characteristics) could perform the representative jobs.

14 (AR 177-78). According to the DOT, however, each of the representative jobs

15 requires frequent "[r]eaching." See DOT §§ 211.462-010 [Cashier II],

16 209.567-014 [Order Clerk, Food and Beverage], 713.687-018 [Final Assembler,

17 Optical Goods]. Although the DOT does not specify whether the requisite

18 "reaching" includes reaching *above shoulder level* or *fully forward*, relevant legal

19 authorities suggest that it does. See, e.g., Riad v. Colvin, 2014 WL 2938512, *5

20 (C.D. Cal. June 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports

21 the proposition that 'reaching' as used [] in the DOT encompasses overhead or

22 above-the-shoulder reaching.") (citing cases); Mkhitaryan v. Astrue, 2010 WL

23 1752162, *3 (C.D. Cal. 2010) ("the plain meaning of 'reaching' [for purposes of

24 the DOT] encompasses above-the-shoulder reaching") (citing Selected

25 Characteristics of Occupations Defined in the Revised Dictionary of Occupational

26 Titles, Appendix C (1993)); see also SSR 85-15 at *7 ("reaching" defined as

27 "extending the hands and arms in *any* direction") (emphasis added).

28 ///

1    Although some district courts disagree, the majority have found a possible

2    conflict between a job which requires certain frequency of "reaching" generally,

3    and a claimant's preclusion or restriction on reaching specifically above shoulder

4    level.  See, e.g., Lang v. Commissioner of Social Security, 2014 WL 1383247, *7-

5    *8 (E.D. Cal. Apr. 8, 2014) (finding potential conflict between VE's opinions and

6    DOT where VE testified that plaintiff could perform three jobs that require

7    "frequent reaching" – a requirement that "could potentially encompass frequent

8    overhead reaching" which plaintiff could not do); Giles v. Colvin, 2013 WL

9    4832723, *4 & n.4 (C.D. Cal. Sep. 10, 2013) (plaintiff's limitation to "occasional

10   overhead reaching" bilaterally conflicted with VE's testimony that plaintiff could

11   perform representative jobs which required "frequent or constant" reaching);

12   Kirby v. Astrue, 2012 WL 5381681, *3 (C.D. Cal. Nov. 1, 2012) (finding

13   "potential conflict" between VE testimony and DOT where plaintiff was limited to

14   "no more than occasional reaching 'at or above shoulder level'" and representative

15   jobs VE identified required "reaching 'frequently'" – noting "DOT may well

16   contemplate a requirement of omnidirectional reaching") (citations omitted); Duff

17   v. Astrue, 2012 WL 3711079, *4-5 (C.D. Cal. Aug. 28, 2012) (remanding for

18   further proceedings where VE gave no explanation for apparent inconsistency in

19   VE's testimony that hypothetical claimant who was  "[unable to] use [] upper

20   extremities for above the shoulder work" was still able to perform occupations

21   which required constant or frequent reaching); Newman v. Astrue, 2012 WL

22   1884892, *5 (C.D. Cal. May 23, 2012) ("possible conflict" between VE's

23   testimony and DOT where VE opined that plaintiff could perform representative

24   jobs that, according to the DOT, required constant or frequent reaching, but

25   claimant's residual functional capacity precluded work above shoulder level

26   bilaterally); Richardson v. Astrue, 2012 WL 1425130, at *4-*5 (C.D. Cal. April

27   25, 2012) (VE's testimony "inconsistent" with DOT where claimant "precluded []

28   from overhead reaching bilaterally" but VE opined that claimant could perform

8

1   jobs requiring frequent or occasional "reaching"); Bentley v. Astrue, 2011 WL

2   2785023, at *3-*4 (C.D. Cal. July 14, 2011) (jobs which, according to the DOT,

3   require "frequent reaching" inconsistent with plaintiff's inability to reach "above

4   the shoulder level bilaterally"); Hernandez v. Astrue, 2011 WL 223595, *5 (C.D.

5   Cal. Jan. 21, 2011) (finding "apparent conflict" between DOT and VE's testimony

6   that hypothetical person (who was precluded from "work at or above shoulder

7   level") could perform job that requires occasional reaching, since "DOT's

8   definition of reaching contemplates reaching in all directions"); Mkhitaryan, 2010

9   WL 1752162 at *3 (finding apparent conflict between DOT and VE where "VE's

10  testimony implie[d] that plaintiff was capable of performing jobs that require

11  frequent or constant omni-directional reaching, despite a shoulder limitation that

12  preclude[d] above-the-shoulder reaching"); see also Kirby, 2012 WL 5381681 at

13  *2-*3 (noting disagreement among district courts regarding whether there is "a

14  conflict between the requirement of frequent reaching and a preclusion or

15  restriction on reaching above the shoulder level") (citing cases).

16       Second, since the vocational expert did not acknowledge that there was a

17  potential conflict between her testimony and the DOT, neither the vocational

18  expert nor the ALJ attempted to explain or justify the apparent potential

19  inconsistency in any manner.  (AR 29, 179).  Accordingly, the Court cannot

20  conclude that the vocational expert's testimony, which the ALJ adopted, is

21  substantial evidence supporting the ALJ's determination at step five that plaintiff

22  could perform the representative jobs.  Cf. Massachi, 486 F.3d at 1154 (remanding

23  case where ALJ failed to ask vocational expert whether her testimony conflicted

24  with the DOT and, therefore, court was unable to determine whether at step five

25  ALJ properly relied on vocational expert's testimony that claimant could perform

26  other work); Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) ("It is not

27  clear to us whether the DOT's [reaching] requirements include reaching above

28  ///

9

1  shoulder level, and this is exactly the sort of inconsistency the ALJ should have
2  resolved with the expert's help").

3          Finally, the Court cannot find the ALJ's error to be harmless since
4  defendant points to no persuasive evidence in the record which could support the
5  ALJ's determination at step five that plaintiff was not disabled.  Cf. Tommasetti v.
6  Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant
7  could return to past relevant work based on vocational expert's testimony that
8  deviated from DOT because ALJ "did not identify what aspect of the [vocational
9  expert's] experience warranted deviation from the DOT, and did not point to any
10 evidence in the record other than the [vocational expert's] sparse testimony" to
11 support the deviation, but error was harmless in light of ALJ's alternative finding
12 at step five, which was supported by substantial evidence, that claimant could still
13 perform other work in the national and local economies that existed in significant
14 numbers).

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**V.    CONCLUSION**[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  July 29, 2014

                                        /s/
                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE

---

[2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

11